**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**LONNIE W. HUBBARD,**

                Petitioner,

v.                     **CIVIL ACTION NO. 5:22-CV-196**
                               Judge Bailey

**S. BROWN,** Acting Warden,

                Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 17, 2022, the *pro se* petitioner, Lonnie W. Hubbard ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the legality of his conviction from the United States District Court for the Eastern District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER. *See **United States v. Hubbard et al***, 5:15-CR-104-DCR-HAI-1 (E.D. Ky. 2016. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

### A. Conviction and Sentence

On December 3, 2015, July 21, 2016, and November 3, 2016, petitioner was charged in a series of indictments with a total of seventy-three counts related to drug distribution while petitioner was a registered pharmacist licensed to practice in Kentucky. During the eight-day trial, the United States moved to dismiss two of the counts, and at the end of the trial petitioner was found guilty on all remaining counts.  On June 30, 2017, petitioner was sentenced to a total term of three-hundred and sixty months imprisonment for one count of conspiracy to distribute and dispense oxycodone and a substance used to manufacture a controlled substance in violation of 21 U.S.C. § 846; twelve counts of aiding and abetting the distribution of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2; one count of distribution of hydrocodone in violation of 21 U.S.C. § 841(a)(1); thirty-eight counts of distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1); five counts of aiding and abetting the distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1); one count of conspiracy to commit money laundry in violation of 18 U.S.C. § 1956(h); three counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and nine counts of aiding and abetting engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 and 2.  Petitioner's current **projected** release date, via good conduct time, is September 3, 2041.

### B. Direct Appeal

On July 27, 2017, petitioner filed a Notice of Appeal.  As summarized by the Sixth Circuit,

On appeal, Hubbard's counsel filed a motion to withdraw, pursuant to ***Anders v. California***, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Sixth Circuit Rule 12(c)(4)(C), notifying this court of a lack of good-faith issues to appeal. Appellate counsel explained that, after a review of the court record and transcripts, as well as correspondence with Hubbard, he identified the following issues of possible merit: (1) the district court erred in admitting improper character evidence, in violation of Federal Rule of Evidence 404(b), as well as certain other evidence; (2) the evidence was insufficient to convict Hubbard of crimes where he was merely acting as a pharmacist and no conspiracy was demonstrated; (3) the district court erred in permitting opinion testimony by case agents absent a dual-role cautionary jury instruction; (4) the district court otherwise failed to instruct the jury properly as to conspiracy, deliberate ignorance, and operating and maintaining a drug-involved premises; and (5) the district court erred in sentencing Hubbard to 360 months of incarceration and ordering criminal forfeiture. Counsel determined that these arguments would be frivolous, however. Hubbard responded to counsel's motion to withdraw, raising the potential claims submitted by counsel and also alleging that (6) the district court erred by denying his motion for a new trial; (7) his indictment was constructively amended; (8) cumulative error violated his right to due process and a fair trial; and (9) Count 60 of the indictment failed to state an offense.

***United States v. Hubbard***, 843 F. App'x 667, 669–70 (6th Cir. 2019). The Sixth Circuit affirmed the judgment of the district court. On March 30, 2020, the Supreme Court denied a petition for writ of certiorari.

### C. § 2255

On April 2, 2021, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. Petitioner raised claims of ineffective assistance of counsel based on: (1) counsel's failure to object to judicial participation and misconduct in plea negotiations; (2) counsel's failure to advise petitioner of several legal concepts; (3) counsel's failure to object to witness testimony which petitioner alleged violated rule 704(b); and (4) counsel's failure to object to Count 60 of the indictment, for which the trial court lacked jurisdiction. The district court denied the

petition on November 10, 2021.  On June 14, 2022, the Sixth Circuit denied a certificate of appealability.

### D.  Petitioner's Claims

In the instant Petition, petitioner raises a single ground for relief: that in light of the recent Supreme Court decision ***Ruan v. United States***, 142 S. Ct. 2370 (2022), the crimes for which he was convicted are no longer deemed criminal.  In ***Ruan***, the Court held that "[21 U.S.C.] § 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause. This means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." ***Id***. at 2376.  Petitioner contends that he has met all three prongs of the test set forth in ***In re Jones***, 226 F.328, 333 (4th Cir. 2000).  In particular, he contends that the second prong of ***Jones*** is met because subsequent to his appeal and first section 2255 motion, the ***Ruan*** case was decided, and his convictions under § 841 should therefore be reversed.  Petitioner further contends that the remaining convictions, for conspiracy, maintaining a drug-involved premises, and money laundering, are all dependent on the convictions under § 841.

### III.    LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions

5

pursuant to § 2255 must be certified by the appropriate court of appeals.  Id. § 2255(h).

Courts of appeals grant such requests only if newly discovered evidence establishes "by

clear and convincing evidence that no reasonable factfinder would have found the movant

guilty" or that a previously unavailable "new rule of constitutional law" has been "made

retroactive to cases on collateral review by the Supreme Court."  Id.

By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally

intended to address the execution of a sentence, rather than its validity, and is to be filed

in the district where the prisoner is incarcerated.  *Fontanez v. O'Brien*, 807 F.3d 84, 85

(4th Cir. 2015).  "As we noted in *O'Brien* [*v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005)],

the 'essence of habeas corpus is an attack by a person in custody upon the legality of

that custody' and 'the traditional function of the writ is to secure release from illegal

custody.'"  *Obando-Segura v. Garland*, 999 F.3d 190, 194 (4th Cir. 2021),

quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

While the terms of § 2255 expressly prohibit prisoners from challenging their

convictions and sentences through a habeas corpus petition under § 2241, in limited

circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings

clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. *In re*

*Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000.)  However, "[i]t

is beyond question that § 2255 is not inadequate or ineffective merely because an

individual is unable to obtain relief under that provision," including because of a

procedural bar. *Id*.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**.  *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  Where, as here, a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[2]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

Despite the claims of his petition, petitioner is unable to meet the savings clause. Petitioner is challenging the validity of his conviction, and as such must meet all three elements of the *Jones* test.  Even assuming petitioner could meet the first and third elements of *Jones*, the crimes for which petitioner was convicted, including distribution of a controlled substance under 21 U.S.C. § 841, remain criminal offenses.  The conduct for which petitioner was convicted is still illegal.

The undersigned finds that petitioner's reliance on *Ruan* to satisfy the second element of *Jones* is misplaced.  Although courts have not evaluated the application of *Ruan* to the *Jones* test, the application of *Rehaif v. United States*, 139 S.Ct. 2191 (2019) provides an analogous example.  In *Rehaif*, the Supreme Court held that the "knowingly" *mens rea* in 18 U.S.C. § 922(g) applied to the defendant's knowledge of the fact that he belonged to the relevant category of persons barred from possessing a firearm.  Following *Rehaif*, this district and others saw a number of habeas petitions under 28 U.S.C. § 2241 challenging convictions under 18 U.S.C. § 922(g).  However, this Court found that *Rehaif* did not change the substantive law as required by the second element of *Jones*:

> This is so because the conduct for which petitioner was convicted is still illegal. *See Asar v. Travis*, 2020 WL 3843638 (D.S.C. July 8, 2020) (finding that being a felon in possession of a firearm remains a valid criminal offense); *Erby v. Brekon*, 2020 WL 1443154, at * 7 (W.D. Va. Mar. 4, 2020) (citing cases); *Hoffman v. Brekon*, 2020 WL 929589, at *9 (W.D. Va. Feb.

8

26, 2020) (same); ***Swindle v. Hudgins***, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) (Bailey, J.) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); ***Moss v. Dobbs***, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in ***Jones*** requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not be criminal. Here, no such change occurred.").
***Thompson v. Hudgins***, No. 5:20-CV-78, 2021 WL 856736, at *4 (N.D. W.Va. Mar. 8, 2021) (Bailey, J.).

Here, the same rationale applies. As stated above, in ***Ruan***, the Court held that "[21 U.S.C.] § 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause. This means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." ***Ruan*** 142 S. Ct. at 2376. As with ***Rehaif***, the decision in ***Ruan*** clarified the scope of the knowledge requirement, but the statute in question remained a criminal offense. Accordingly, petitioner in this case cannot satisfy the second element of ***Jones***.

Finally, the undersigned notes that although petitioner specifically challenges his conviction, he likewise could not meet the ***Wheeler*** test to challenge his sentence because ***Ruan*** has not been deemed to apply retroactively. *See **Brizuela v. United States***, Civ. A. No. 1:22-CV-2, 2022 WL 4369977, at *5 (N.D. W.Va. Sept. 21, 2022) (Keeley, J.) ("the Supreme Court did not direct that ***Ruan*** should be applied retroactively on collateral review").

Accordingly, because petitioner cannot meet the tests under either ***Jones*** or ***Wheeler***, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the

9

cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  October 19, 2022.

/s, James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE