IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LONNIE W. HUBBARD,**

        Petitioner,

v.                                                                      **Civil Action No. 5:22-CV-196**
                                                                        Judge Bailey

**S. BROWN,** Acting Warden,

        Respondent.

## ORDER RE-ADOPTING REPORT AND RECOMMENDATIONS

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner is a federal inmate housed at FCI Hazleton and is challenging the legality of his conviction from the Eastern District of Kentucky.[1]  On December 3, 2015, July 21, 2016, and November 3, 2016, petitioner was charged in a series of indictments with a total of seventy-three (73) counts related to drug distribution while petitioner was a registered pharmacist licensed to practice in Kentucky. During an eight day trial, the United States moved to dismiss two of the counts, and at the end of the trial petitioner was found guilty

---

[1] Unless otherwise specified, the information contained in the "Background" section of this opinion is take from petitioner's criminal docket available on PACER. See *United States v. Hubbard et al*, 5:15-CR-104-DCR-HAI-1 (E.D. Ky. 2016).

1

on all remaining counts. On June 30, 2017, petitioner was sentenced to a term of three-hundred and sixty months imprisonment for one count of conspiracy to distribute and dispense oxycodone and a substance used to manufacture a controlled substance in violation of 21 U.S.C. § 846; twelve counts of aiding and abetting the distribution of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2; one count of distribution of hydrocodone in violation of 21 U.S.C. § 841(a)(1); thirty-eight counts of distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1); five counts of aiding and abetting the distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of maintaining a drug-involved premise in violation of 21 U.S.C. § 856(a)(1); one count of conspiracy to commit money laundry in violation of 18 U.S.C. § 1956(h); three counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and nine counts of aiding and abetting in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 and 2. Petitioner appealed, but the Sixth Circuit affirmed the judgment of the district court. The Supreme Court denied his petition for writ of certiorari.

On April 2, 2021, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255, in which he alleged ineffective assistance of counsel. The district court denied the petition and the Sixth Circuit denied a certificate of appealability.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. No objections were filed and this Court entered an order Adopting the R&R. *See* [Doc. 9]. Petitioner informed this Court that he never received the R&R. *See* [Doc. 10 & 11]. This Court permitted petitioner to file his objections by December 20, 2022. *See* [Doc. 13]. Petitioner filed his objections [Doc. 15] on December 19, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

In the petition, petitioner challenges the validity of his conviction under § 841 following the decision in *Ruan v. United States*, 142 S.Ct. 2370 (2022). Petitioner specifically claims that in light of the *Ruan* decision, the crimes for which he was convicted are no longer deemed criminal. *See* [Doc. 1]. Petitioner contends that he has met all three prongs of the test set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In particular, he contends that he met the second prong of *Jones* because subsequent to his appeal and first § 2255 motion, the *Ruan* case was decided and his convictions under § 841 should therefore be reversed. Petitioner also contends that the remaining convictions, for conspiracy, maintaining a drug-involved premise, and money laundering, are all dependent on the convictions under § 841. For relief, petitioner asks this Court to vacate his convictions.

21 U.S.C. § 841 makes it unlawful, "except as authorized, . . . for any person to knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance." In *Ruan*, the Supreme Court held that "§ 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause. This means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Ruan*, 142 S.Ct. at 2376.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause,

4

which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

**Poole**, 531 F.3d at 269 (quoting **In re Jones**, 226 F.3d at 333–34).

The Fourth Circuit found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the

5

>gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

**United States v. Wheeler**, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the **Jones** test (if challenging the legality of his conviction) or the **Wheeler** test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See **Wheeler**, 886 F.3d at 423–26.

Here, the magistrate judge found that the petition should be dismissed because petitioner cannot meet the tests under **Jones** or **Wheeler**. First, the magistrate found that the petitioner could not meet the second prong of the **Jones** test. In particular, the magistrate found that the crimes for which petitioner was convicted remains criminal offenses and he therefore cannot meet the second element of **Jones**. [Doc. 6 at 8–9]. The R&R notes that "although courts have not evaluated the application of **Ruan** to the **Jones** test, the application of **Rehaif v. United States**, 139 S.Ct. 2191 (2019) provides an analogous example." [Id. at 8]. In **Rehaif**, the Supreme Court held that the "knowingly" *mens rea* in 18 U.S.C. § 922(g) applied to defendant's knowledge of the fact that he belonged to the relevant category of persons barred from possessing a firearm. 139 S.Ct. at 2200. However, the R&R notes that "this Court found that **Rehaif** did not change the substantive law as required by the second element of Jones." [Id. at 8]. Similarly, in **Ruan**, the Supreme Court held that "[21 U.S.C.] § 841's 'knowingly or intentionally' *mens rea*

applies to the 'except as authorized' clause. This means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentional acted in an unauthorized manner." ***Ruan*** 142 S.Ct. at 2376. Thus, the magistrate concluded that "[a]s with Rehaif, the decision in ***Ruan***, clarified the scope of the knowledge requirement, but the statute in question remained a criminal offense." [Doc. 6 at 9].

Next, the magistrate concluded that the petitioner could not meet the ***Wheeler*** test. The R&R acknowledges that the petitioner specifically challenges his conviction, not his sentence. However, the magistrate found that the petitioner could not meet the ***Wheeler*** test to challenge his sentence as ***Ruan*** has not been deemed to apply retroactively. [Id. at 9].

On December 19, 2022, petitioner filed his objections to the R&R. Therein, petitioner raises three (3) objections to the R&R. First, petitioner objects to the R&R's finding that he cannot meet the second prong of the ***Jones*** test. *See* [Doc. 15 at 2–8]. Specifically, petitioner cites a number of cases, including ***Ruan v. United States***, 142 S.Ct. 2370 (2022), ***Hahn v. Mosely***, 931 F.3d 295 (4th Cir. 2019), ***Greer v. United States***, 141 S. Ct 2090 (2021), and ***Moore v. Warden of FCI Edgefield***, 557 F.Supp.3d 704 (D.S.C Aug. 27, 2021) (Wooten, J.), to argue the magistrate judge's rationale and interpretation of the second prong of ***Jones*** is erroneous. *See* [id.]. Second, petitioner objects to the magistrate judge's finding that "the conduct for which petitioner was convicted is still illegal" arguing that the magistrate judge did not evaluate the conduct petitioner was convicted for under § 841. [Id. at 8]. Third, petitioner objects to the magistrate judge's finding that he

cannot meet the *Wheeler* test to challenge his sentence because *Ruan* has not been deemed to apply retroactively. [Id. at 9–10]. In support, petitioner argues that *Ruan* created a new substantive rule and that new substantive rules apply retroactively to cases on collateral review. [Id. at 9–10].

A *de novo* review of Magistrate Judge Mazzone's R&R and the grounds in support of petitioner's objections leads this Court to conclude that petitioner has failed to demonstrate satisfaction of the § 2255 savings clause for the reasons contained in the R&R and herein. Accordingly, petitioner's objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED RE-ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 15**] are **OVERRULED**. This Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 28, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**